IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY RICHMOND WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:17-cv-395-TFM |
| ) | [wo] |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

Following administrative denial of his application for Disability Insurance Benefits and Supplemental Security Income benefits under Title XVI of the Social Security Act, Troy Walker, ("Walker" or "Plaintiff") received a requested hearing hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Judicial review proceeds pursuant to 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and 28 U.S.C. § 636(c), and for reasons herein explained, the Court AFFIRMS the decision by the Commissioner to deny him disability insurance benefits and supplemental security income benefits.

## I. Nature of the Case

Walker seeks judicial review of the decision by the Commissioner of Social Security Administration to deny his application for disability insurance benefits and supplemental security income benefits. United States District Courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. Standard of Review

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case solely to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Winschel*, 631 F.3d at 1178 (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial

evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999); *see also Kosloff v. Comm'r of Soc. Sec.*, 581 F. App'x 811, 811 (11th Cir. 2015) (citing *Kelley*).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Winschel*, 631 F.3d at 1178 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("even if the evidence preponderates *against* the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.") (citation omitted). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted). There is no presumption that the Secretary's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK [1]

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[2] *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line.[3] Childhood disability insurance benefits ("CDIB") are rendered to a disabled adult under the old-age and

---

[1] For the purposes of this appeal, the Court utilizes the versions effective until March 27, 2017 as that was the version in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[2] DIB is authorized by Title II of the Social Security Act, and is funded by Social Security taxes. *See* Social Security Administration, Social Security Handbook, § 136.1, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

[3] SSI benefits are authorized by Title XVI of the Social Security Act and are funded by general tax revenues. *See* Social Security Administration, Social Security Handbook, §§ 136.2, 2100, *available at* http://www.ssa.gov/OP_Home/handbook/handbook.html

survivors insurance benefits section of the Social Security Act. *See* 42 U.S.C. § 402(d). In order to receive CDIB as a disabled adult, a claimant must establish that he or she is the child of an individual who is entitled to old-age or disability insurance benefits and is dependent on the insured, is unmarried, and was under a disability as defined in the Act that began before he attained the age of twenty-two. *See* 42 U.S.C. §§ 402(d)(1), 423(d)(1)(A); 20 C.F.R. § 404.350.

Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n. 1 (11th Cir. 1986). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520; *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); *O'Neal v. Comm'r of Soc. Sec.*, 614 F. App'x 456, (11th Cir. 2015). The ALJ determines:

(1) Whether the claimant is currently engaged in substantial gainful activity;

(2) Whether the claimant has a severe impairment or combination of impairments;

(3) Whether the impairment meets or exceeds one of the impairments in the listings;

(4) Whether the claimant can perform past relevant work; and

(5) Whether the claimant can perform other work in the national economy.

*Winschel*, 631 F.3d at 1178; *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). When a claimant is found disabled – or not – at an early step, the remaining steps are not considered. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137,

153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d 66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 915 (11th Cir. 2015); *Phillips*, 357 F.3d at 1237-39. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4). RFC is what the claimant is still able to do despite the impairments, is based on all relevant medical and other evidence, and can contain both exertional and nonexertional limitations. *Phillips*, 357 F.3d at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert. *Id*. at 1239-40.

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Id.* at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.* Otherwise, the ALJ may use a vocational expert. *Id.* A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id.* In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

## IV. BACKGROUND AND PROCEEDINGS

On August 12, 2014, Walker initially filed an application for disability insurance benefits based on disability. R. 194-197. The same day, Walker filed an application for supplemental security income. R. 198-204. In both applications, Walker alleged disability beginning July 15, 2014 due to physical or cognitive issues. Following initial administrative denials of his claim, Walker requested a hearing before an administrative law judge ("ALJ"). ALJ Renita Barnett-Jefferson ("the ALJ") convened an evidentiary hearing on November 12, 2015. R. 49-82.

Walker and his attorney chose to appear *via* teleconference from his attorney's office. The ALJ received direct testimony from Walker and a Vocational Expert ("VE"). The remaining evidentiary record consisted of medical records, reports from consultative sources, and residual functional capacity assessments completed by agency consultants after reviewing Walker's records.[5] The ALJ rendered an unfavorable verdict on April 27, 2016. R. 24-42. On February 28, 2014, the Appeals Council denied Walker's request for review. R. 7-9. This Social Security Appeal was filed on June 19, 2017. *See* Doc. 1, Complaint.

## V. ADMINISTRATIVE DECISION

Employing the five step process, the ALJ found that Walker has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2);[6] the impairments, considered individually and in combination, do meet or equal in severity any impairment set forth in the listings (Step 3); Walker has past relevant work (Step 4); and a significant number of jobs are available in the national economy which Walker could perform with his residual functional capacity (Step 5). R. 27-42.

---

[5] Ivan L. Slavich, M.D. . "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a).

[6] The ALJ found the following "severe" impairments: right carpal tunnel syndrome(CTS); right peroneal nerve neuropathy; spina bifida; spinal degenerative disc disease; chronic obstructive pulmonary disorder (COPD); depression, phonological disorder; and borderline intellectual functioning. R. 30.

At Step Four, the ALJ found Walker has the RFC to perform light work. R. 33. Specifically, after evaluating the entire record, the ALJ determined the following

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with occasional pushing and pulling of foot controls with the right lower extremity. The claimant is limited to occasional reaching overhead with the right upper extremity. The claimant is limited to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, never climbing ladders and scaffolds, and he can never working [sic] in environments of unprotected heights or around hazardous moving mechanical parts. The claimant should not operate a motor vehicle for commercial purposes. The claimant should avoid concentrated exposure to dust, fumes, gases, odors and poor ventilation. The claimant is limited to simple, routine, and repetitive work with few changes in the work setting. The claimant is limited to jobs that would allow the option to sit or stand in the performance of the job task.

R. 33.

The ALJ determined Walker had past relevant work as a Slasher, which is heavy skilled work; Production assembler washing tubes, which is light and unskilled work, Order puller which is medium and unskilled work and Hand Packager which is medium unskilled work. R. 40. Therefore, the ALJ moved to Step Five to determine whether Walker could perform other jobs in the national economy and determined there are jobs that exist in significant numbers in the national economy that Walker could perform. R. 41-42. The ALJ utilized the Medical-Vocational Rules and Vocational Expert testimony regarding jobs in

existing in the national economy which Walker could perform. The VE provided several examples of jobs which Walker could perform such as marker, labeler, assembler, packer, machine tender, small products assembler. R. 77-78. Consequently, the ALJ found Walker has not been disabled since the alleged onset date. R. 42.

## VI. ISSUES

Walker characterizes the issue on appeal as, "The Commissioner failed to recognize the differences between activities of daily living and activities in a full time job; assumed the opinion of a medical professional; provided jobs in the national economy that do not match the RFC given at the hearing; and refused this Attorney's request for consultative IQ examination based on the fact that the Appellant 'graduated' from high school.

The ALJ correctly distinguished between activities of daily living and activities related to full time work. Plaintiff cites *Nichols v. Colvin*, 10 F. Supp. 3d 895 (N.D. Ill. 2014) for the proposition that even disabled persons may perform activities of daily living yet be disabled under the Act. *Nichols* is not persuasive or illustrative in this context. First, ample circuit precedent indicates that activities of daily living can be considered by the ALJ in deciding whether a claimant meets the Listings. *Rodriguez v. Comm'r of Soc. Sec.*, 633 F. App'x 770, 773-774 (11th Cir. 2015). Here, unlike *Nichols*, the ALJ had and relied on substantial activities of

daily living along with other evidence. For instance, Walker helps get his daughters ready for school, helps take care of his wife and children, prepares meals and goes to church. R. 250-254. In addition, Walker held a skilled job, Slasher, for almost a decade and a half. The Court finds that the ALJ had more than minimal activities of daily living which, considered in the context of the entire record, supports the finding that Walker is not disabled.

The ALJ did not assume the opinion of a medical professional. It is undisputable that the Commissioner/ALJ has the responsibility to evaluate objective and subjective medical evidence to determine whether a claimant is disabled under the Act. Here the ALJ had a plethora of reliable, objective, medical evidence to support the finding Walker is not disabled. R. 33-40. 317-318, 322, 323. Walker submitted nothing the court finds credible to reverse the ALJ particularly in light of the fact that Walker has the burden of proof.

The ALJ had enough evidence without an IQ examination to determine whether Walker is disabled under the Act. Walker argues the ALJ should have ordered an IQ test inasmuch as Walker has a high school certificate, not a diploma, and a psychologist diagnosed Walker as suffering from depressive disorder, NOS, phonological disorder, NOS, and probable borderline intellectual function and rule-out mental retardation. Whatever mental limitations Walker might have, the record is clear that Walker has adapted well enough to engage in skilled labor for almost a

decade and a half. Walker has thus demonstrated his IQ does not disable him. An ALJ has a duty to develop a full and fair record. *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997). An ALJ may order a consultative examination "where one is necessary to make an informed decision" and is "one means by which an ALJ discharges his duty to fully develop the record." *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1338 (M.D. Ala. 2001) (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984)). Federal regulations may require a consultative examination when a conflict or inconsistency arises in the record, or the evidence is not sufficient to support a finding. 20 C.F.R. § 404.1519a(b). It is reversible error for an ALJ to refuse to order a CE when "such an evaluation is necessary for him to make an informed decision." *Reeves*, 734 F.2d at 522 n. 1. However, the Eleventh Circuit has further stated that when there is enough evidence in the record to make a decision, the ALJ is not required to order a second consultative examination, as long as that evidence is consistent and "sufficient for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).

Ultimately, the burden rests with Walker to demonstrate his disability. *Doughty v. Apfel*, 245 F.3d 1274, 1276 (11th Cir. 2001). The Court concludes Walker has not met his burden and other weighty evidence was before the ALJ to conclude substantial evidence supports the Commissioner's decision that Walker is

not disabled under the Act and its attendant regulations.

## VIII. Conclusion

Pursuant to the findings and conclusions detailed in this Memorandum Opinion, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore, ORDERED that the decision of the Commissioner is AFFIRMED. A separate judgment is entered herewith.

DONE this 21st day of August, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE